UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARY BRUMLEY, | No. 2:16-cv-0090-CKD |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff was not disabled for purposes of receiving Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

I.   BACKGROUND

Plaintiff, born September 5, 1972, applied on February 21, 2013 for DIB, alleging disability beginning May 1, 2009. Administrative Transcript ("AT") 112, 184-91. Plaintiff alleged she was unable to work due to osteoarthritis, fibromyalgia, hidradenitis, neuropathy, bipolar disorder, depression, anxiety, hyperthyroidism, and insomnia. AT 206. In a decision

////

dated June 8, 2015, the ALJ determined that plaintiff was not disabled.[1]  AT 23-34.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2013.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 1, 2009 through her date last insured of March 31, 2013.
>
> 3. Through the date last insured, the claimant has the following severe impairments: mood disorder; anxiety disorder; attention deficit hyperactivity disorder (ADHD); bilateral knee degenerative joint disease with residuals of left knee surgery; fibromyalgia; and hidradenitis suppurativa.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401, *et seq.*  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382, *et seq.*  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment . . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she could occasionally stoop, kneel, crouch, crawl, and climb ladders; she must have worn loose-fitting clothes; she was precluded from wearing heavy protective gear, such as [an] apron that a welder might wear, that may irritate the skin; she was limited to simple, routine, and repetitive work; she was able to respond to routine changes in the work environment, but she was unable to exercise significant independent judgment to respond to more substantial changes in the work environment; and she was precluded from interacting with the general public.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work.
>
> 7. The claimant was born on September 5, 1972 and was 40 years old, which is defined as a younger individual age 18-44, on the date last insured.
>
> 8. The claimant has at least a high school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills.
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 1, 2009, the alleged onset date, through March 31, 2013, the date last insured.

AT 25-33.

/////

/////

/////

3

II.     ISSUES PRESENTED

Plaintiff's sole argument on appeal is that the ALJ erred in his assessment of the medical opinion provided by Dr. Bacheler, an examining psychologist, when determining plaintiff's residual functional capacity ("RFC").

III.    LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

/////

4

1  IV.     ANALYSIS

2         Plaintiff's sole argument on appeal is that the ALJ erred in considering and weighing the
3  opinion of Dr. Bacheler, an examining psychologist, when determining plaintiff's RFC.  Plaintiff
4  argues that the reasons the ALJ provided in his decision for assigning only "some weight" to Dr.
5  Bacheler's opinion were not specific and legitimate reasons that could support the ALJ's decision
6  to discount that opinion.  Plaintiff asserts further that this error was not harmless because, had the
7  ALJ accorded proper weight to Dr. Bacheler's opinion and adopted the mental limitations she
8  opined, plaintiff would have had a more restrictive RFC, which would have impacted the ALJ's
9  step five determination on which his decision that plaintiff was not disabled is based.  The court
10  finds plaintiff's argument to lack merit.

11         To evaluate whether an ALJ properly rejected a medical opinion, in addition to
12  considering its source, the court considers whether (1) contradictory opinions are in the record,
13  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a
14  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81
15  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be
16  rejected for "specific and legitimate" reasons that are supported by substantial evidence.  Id. at
17  830.  While a treating professional's opinion generally is accorded superior weight, if it is
18  contradicted by a supported examining professional's opinion (e.g., supported by different
19  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d
20  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In
21  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
22  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,
23  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a
24  non-examining professional, without other evidence, is insufficient to reject the opinion of a
25  treating or examining professional.  Lester, 81 F.3d at 831.

26         Here, Dr. Bacheler conducted a comprehensive mental status evaluation of plaintiff on
27  July 17, 2013, over three months after the close of the relevant disability period.  AT 380-85.  Dr.
28  Bacheler opined that plaintiff was "mildly to moderately limited" with regard to all areas of

mental functioning, except for the ability to perform one-or-two step simple, repetitive tasks, for which she found plaintiff "not significantly limited." AT 384. Dr. Bacheler opined further that plaintiff's "prognosis is poor currently." AT 385.

The ALJ accorded "some weight" to Dr. Bacheler's opinion "because [Dr. Bacheler] personally observed and examined [plaintiff]" and it was "also consistent with the record, which revealed that [plaintiff] had a history of receiving mental health treatment since childhood." AT 31. However, the ALJ did not assign any greater weight to Dr. Bacheler's opinion for the following reasons:

> [H]er opinion that [plaintiff] had limitations in her ability to interact with coworkers and supervisors and her opinion that [plaintiff's] ability to maintain regular attendance and complete a normal workday was not supported by the record, which failed to show [plaintiff] would have these limitations due to the symptoms of her mental impairments. They are also inconsistent with the lack of specialized mental health treatment. Moreover, Dr. Bacheloer [*sic*] examined and assessed [plaintiff] after her date last insured. His [*sic*] observations do not concern her functioning during the period at issue here.

Id. These were specific and legitimate reasons for discounting Dr. Bacheler's opinion that were supported by substantial evidence.

First, the ALJ properly determined that the other evidence in the record did not support Dr. Bacheler's opinion that plaintiff had limitations relating to her ability to interact with coworkers and supervisors and complete a normal workday. A review of the record demonstrates that there is little objective medical evidence in the record regarding plaintiff's mental impairments and overall psychiatric condition. However, to the extent there is such evidence in the record it suggests that plaintiff had largely normal mental functioning throughout the relevant period, and even up through the date Dr. Bacheler examined plaintiff, which occurred months after the close of the relevant period. See, e.g., AT 402, 47, 493, 509, 518, 525-26, 530, 532. Indeed, as the ALJ noted in his decision, even Dr. Bacheler's objective examination findings show normal results that are in conflict with the mental limitations Dr. Bacheler opined regarding plaintiff's ability to interact with others and maintain regular attendance. AT 29, 382-83. The

ALJ reasonably relied on this evidence as substantial evidence to support his determination that Dr. Bacheler's opinion was entitled to only some weight. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that the existence of incongruities between a treating physician's objective medical findings and that physician's opinion constitutes a specific and legitimate reason for the ALJ to reject that physician's opinion concerning the claimant's functional limitations); Rollins, 261 F.3d at 856 (holding that the ALJ properly discounted a treating physician's functional recommendations that "were so extreme as to be implausible and were not supported by any findings made by any doctor," including the treating physician's own findings).

      Second, the ALJ also appropriately considered the fact that plaintiff received minimal treatment specifically with regard to her mental impairments. The record shows that, during the relevant period, plaintiff was not recommended for any treatment for her mental impairments by her treating physicians, nor did she specifically seek such treatment. Indeed, the record shows that plaintiff herself admitted to Dr. Bacheler during her examination on July 14, 2013 that she had not taken any psychiatric medications since September 2010, and that she was engaging in a "holistic approach" to her mental impairments consisting of vitamins, meditation, stretching, walking, and gardening, which she claimed was helping her with her symptoms. AT 381. Plaintiff argues in her motion that she did not seek mental health treatment at first because she wanted to try her holistic approach, but was later required to obtain psychotropic medication when that approach failed to alleviate her symptoms. However, the treating record plaintiff cites to in support of her argument shows that she was not prescribed the psychotropic medication to which she refers until December 22, 2014, nearly 20 months after the close of the relevant period on March 31, 2013. AT 611. Accordingly, the record shows that, during the relevant period, plaintiff did not seek and was not recommended by her physicians to obtain any specialized treatment for her mental impairments. The ALJ reasonably relied on this fact as a specific and legitimate reason for assigning Dr. Bacheler's opinion only some weight. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (noting that a plaintiff's lack of motivation to seek treatment for a specific impairment is "powerful evidence regarding the extent [of her symptoms]"

1    stemming from that impairment).

2    Finally, the ALJ properly noted that Dr. Bacheler did not examine plaintiff and assess her
3    mental limitations until after the close of the relevant disability period. Generally, medical
4    reports should not be disregarded solely because they are rendered retrospectively, and may be
5    relevant to a prior period of disability. Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988).
6    However, in determining how much weight to give such a retrospective assessment, the court
7    may consider whether the report specifically assessed plaintiff's functional capacity prior to any
8    applicable insurance expiration date; whether the records created during the time period at issue
9    made only limited references to limitations in functional capacity; whether intervening
10   circumstances or events exacerbated the condition; and whether the retrospective opinion
11   conflicted with the same provider's earlier opinion. Johnson v. Shalala, 60 F.3d 1428, 1432-33
12   (9th Cir. 1995). Furthermore, it is well established that retrospective opinions are even less
13   persuasive in the specialty of mental health. "The opinion of a psychiatrist who examines the
14   claimant after the expiration of his disability insured status . . . is entitled to less weight than the
15   opinion of a psychiatrist who completed a contemporaneous exam." Macri v. Chater, 93 F.3d
16   540, 545 (9th Cir. 1996); Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) ("After-the-
17   fact psychiatric diagnoses are notoriously unreliable."); Weetman v. Sullivan, 877 F.2d 20, 23
18   (9th Cir. 1989) (holding that a new medical report following an adverse administrative decision
19   denying benefits carries little, if any, weight).

20   Here, Dr. Bacheler did not examine plaintiff until July 17, 2013, over three months after
21   the conclusion of the relevant period on March 31, 2013. AT 25, 380. Furthermore, Dr. Bacheler
22   indicated in her opinion that the mental limitations she assessed reflected plaintiff's abilities as of
23   the time of the examination, not during the relevant period. See AT 385 ("Overall, [plaintiff's]
24   prognosis is poor currently."). Given the fact that Dr. Bacheler's examination occurred months
25   after the relevant period and she opined only upon plaintiff's mental limitations as of the time of
26   that examination, it was reasonable for the ALJ to determine that that opinion was entitled only to
27   some weight with regard to plaintiff's mental limitations during the relevant period. See Macri,
28   93 F.3d at 545.

In sum, the ALJ provided multiple specific and legitimate reasons for assigning only "some weight" to Dr. Bacheler's opinion that were supported by substantial evidence in the record. Accordingly, the ALJ did not err in weighing that physician's opinion.

V. CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is granted; and

3. Judgment is entered for the Commissioner.

Dated: February 13, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 brumley0090.ss